**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA WILKES-BARRE DIVISION**

JEROME J. PATELUNAS, II,

Plaintiff,

V.

LAFLIN BOROUGH;

LAFLIN BOROUGH CODE ENFORCEMENT DEPARTMENT;

MARC MALVIZZI, in his individual capacity (former Fire Chief and current Council President);

LUZERNE COUNTY;

SAMUEL SANGUEDOLCE, in his individual and official capacities;

PENNSYLVANIA STATE POLICE;

TROOPER CAWLEY, in his individual and official capacities;

STELL ENTERPRISES;

ROBERT STELLA,

MARISA STELLA,

JOHN DOE MUNICIPAL OFFICERS 1–10;

JOHN DOE TROOPERS 1–10;

JOHN ROE EMPLOYEES 1–10 (of Stell Enterprises),

Defendants.

AND ANY OTHER PARTIES UNKNOWN TO PLAINTIFF AT THIS TIME

**FILED**
**SCRANTON**

MAR 09 2026

PER _____

**DEPUTY CLERK**

**Civil Action No.:** 3:26-cv-583

**(Jury Trial Demanded) COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983 – First Amendment Retaliation, Fourth Amendment Seizure, Fourteenth Amendment Due Process / Takings)**

## I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and supplemental jurisdiction under 28 U.S.C. § 1367.

2. Venue is proper in the Middle District of Pennsylvania (Wilkes-Barre Division) because the events occurred in Luzerne County and Defendants reside or conduct business here.

## II. PARTIES

3.      Plaintiff Jerome J. Patelunas, II is an adult resident of Pennsylvania and owner of the property and business at 64 Main Street, Laflin, Pennsylvania.

4.    Defendants are state and municipal actors and private persons acting under color of state law who participated in or conspired to retaliate against Plaintiff for protected speech and to effect a de facto taking of his property.

## III. FACTS

5.  Beginning in 1999, and then In October 2017, following the Preston Bonnett arson murders in Laflin (three children killed by smoke inhalation while on the 911 call), Plaintiff reported serious conflicts of interest to the Luzerne County District Attorney's Office and other agencies. He received the first death threat shortly thereafter.

6.  Plaintiff sought legal counsel. Counsel advised silence until all appeals were exhausted to avoid risking a Brady violation or prosecutorial loss. Plaintiff followed this advice.

7.  The opposing side interpreted Plaintiff's silence as weakness.

8.  In February 2004, while Marc Malvizzi was Fire Chief, he entered Plaintiff's Property without permission, threatened to demolish it and claim ownership unless paid $50,000 within 30 days, and cut electrical power, accelerating vandalism. This established a pattern of municipal abuse. Malvizzi later became and remains Laflin Borough Council President.

9.  In February 2026, after Plaintiff renewed protected reporting — including contact with PSP Organized

Crime Division about death threats from organized-crime associates (Jason Talarico stated "YA WANNA MEET BILLY?" referencing William "Big Billy" D'Elia, federally convicted for arranging a witness murder on FBI recordings) — Plaintiff received a same-day retaliatory harassment summons involving Robert Stella and Marisa Stella.

10. The Organized Crime meeting was canceled by a supervisor who stated "we will not be investigating

this."

11. In response to a separate PSP call regarding William VanDyke (1994 Suffolk County, NY rape/burglary conviction), Trooper Cawley viewed only 15 seconds of video evidence and threatened Plaintiff: "...ya know your son COULD be seen as an aggressor here, and if he got the wrong judge, you don't want that."

12. Plaintiff received four death threats during this period.

13. After Plaintiff contacted the Pennsylvania Department of Corrections and indicated readiness to come forward with evidence that could jeopardize Preston Bonnett's conviction, the Property at 64 Main Street was condemned and razed in violation of federal and Pennsylvania statutes.

14. These are pivotal examples. There are perhaps a dozen more instances of retaliation and government-created obstacles that collectively deprived Plaintiff of his property's use and value.

15. As a direct and proximate result, Plaintiff has suffered total loss of the structure, business assets, evidence, tools, and livelihood, with ongoing fear preventing safe access or retrieval of remaining materials.

## IV. CLAIMS FOR RELIEF

## Count 1 – First Amendment Retaliation (42 U.S.C. § 1983)

16. Plaintiff engaged in protected speech and petitioning activity (reporting corruption and offering evidence in a triple-murder case). Defendants took adverse actions (threats, retaliatory summons, cancellation of investigation, condemnation/razing) that would chill a person of ordinary firmness, with direct causal connection. (Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)).

## Count 2 – Fourth Amendment Seizure (42 U.S.C. § 1983)

17. Defendants' threats, retaliation, and ultimate razing of the Property constituted a meaningful interference with Plaintiff's possessory interests without due process or warrant. (Soldal v. Cook County, 506 U.S. 56 (1992)).

## Count 3 – Fourteenth Amendment Substantive Due Process / Takings

18. The government-created fear and destruction of Plaintiff's property without compensation or process shock the conscience and constitute a de facto taking. (Pa. Const. Art. I, § 10 incorporated via 14th Amendment).

## Count 4 – Municipal Liability (Monell)

19. Laflin Borough and Luzerne County maintained policies, customs, or failures to train that caused the violations.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

A. Compensatory and punitive damages in excess of $500,000;

B. Injunctive relief restoring access, protecting Plaintiff and family, and enjoining further retaliation;

C. Declaratory judgment that a de facto taking occurred;

D. Appointment of viewers or equivalent process for just compensation;

E. Attorney fees and costs under 42 U.S.C. § 1988 (or pro se equivalent);F. Jury trial on all issues;

G. Such other relief as the Court deems just.

H. Immediate reinstatement of PACER account.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Date: 3-9-26

Jerome J. Patelunas, II, Pro Se

Jerome J. Patelunas, II

64 Main Street

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME J. PATELUNASI

CIVIL CASE NO: _____

(to be supplied by Clerk
of the District Court)

(Enter above the full name of
plaintiff in this action)

v.

LAFLIN BORO

ET AL

(Enter above the full name of
the defendant(s) in this action)

COMPLAINT

1. The plaintiff _____ JEROME J. PATELUNASI a citizen of

the County of _____ LUZERNE _____ State of

Pennsylvania, residing at _____ 64 MAIN ST. LAFLIN PA. 18702

wishes to file a complaint under _____ 1ST/4TH//4TH.
(give Title No. etc.)

2. The defendant is _____ LAFLIN BORO ET AL

3. STATEMENT OF CLAIM: (State below the facts of your case. If you have paper
exhibits that give further information of your case, attach them to this completed form. Use as
much space as you need. Attach extra sheet(s) if necessary) _____

3. (CONTINUED) PLAINTIFF CANNOT ACCESS HIS PROPERTY DUE TO 4 DEATH THREATS + THREAT BY PSP TROOPER C AWLEY TO FILE FALSE CHAGES AGAINST MY SON, IF I PROCEED, THREATENED "IF YOU GET WRONG JUDGE, YOU DON'T WANT THAT."

4. WHEREFORE, plaintiff prays that (1.) I·F·P· IS GRANTED

(2) ACCESS TO PACER REINSTATED.

(3) COURT REMEDIES UNSAFE SITUATION. 3 MURDERS ALREADY IN LAFLIN WITNESS INTIMIDATION.

_____
(Signature of Plaintiff)